## No. 9473.

## REGENTS OF THE STATE UNIVERSITY AND ESTATE OF MACKY *v.* ANDREW.

1. EXECUTOR—*Authority Before Probate.* Even before probate of the will the executor may employ an attorney to aid in securing moneys pertaining to the estate. Secs. 7103, 7138 of the Revised Statutes do not support a contrary resolution.

2. ——*Employment of Attorney.* The executor may employ counsel to aid in the preservation of a private corporation in which the estate is largely interested.

The attorney's bill was reduced from $17,000 allowed by the district court to $10,000.

*Error to Boulder District Court, Hon. J. C. Wiley, Judge.*

Hon. Victor E. Keyes, Attorney General and Mr. Edwin H. Park, for plaintiffs in error.

Mr. T. J. O'Donnell, Mr. J. W. Graham and Mr. G. W. Musser, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

This case involves the compensation of the defendant in error for legal services rendered to the executor of the above mentioned estate during its administration.

From the statement of facts by the plaintiffs in error, it appears that: "Before the filing of the executor's final report, it was the desire of the County Judge at Boulder to have the question of the executor's fees and the executor's attorney's fees settled as independent questions. Complying therewith the executor and the attorney therefore, each filed a statement of their claims, the attorney demanding the sum of $20,000 in payment of services rendered. Instead of the executor making his final report, including therein the payment of attorney's fees and then having it allowed by the court, the above method was followed, which on the face of the record would appear to be a direct claim of the attorney against the estate rather than the allowance of the claim in favor of the executor, which in effect it is."

Upon the hearing in the County Court an allowance of $11,000 was made to the attorney. An appeal was taken to the District Court where there was a trial to a jury, and verdict and judgment for $17,000. It is this judgment which we are to review. It is stated that the value of the estate was about $400,000.

It appears that defendant in error did not present an itemized claim, but upon his cross-examination he stated the various services for which he claimed compensation. Several prominent lawyers testified as to the value of the services to which defendant in error testified, their estimates ranging from $15,000 to $30,000. Plaintiffs in error offered defendant in error $7,500 in full settlement of his claim, which offer was rejected. They now object that many of the services for which compensation is claimed were not chargeable to the estate. Since the verdict is general, we are unable to determine what the jury included in their verdict as matters for which compensation should be allowed. Inasmuch, however, as both sides have submitted the case to this court with a request that we fix the amount, we do not deem it necessary to examine all the items of service in detail. It is sufficient to say that at least two of the charges, each of considerable amount, are not subject to the objections made.

One of these charges was for assisting Wilson, who was named in the will as executor, in obtaining possession of a fund of $116,420.03, before the will was probated. This sum was on deposit to the credit of "Snow and Macky" in a bank of which Macky had been president. It appears that no one knew of a firm of Snow and Macky, and Wilson had good reason to believe that the fund in fact belonged to the Macky estate. Acting upon this belief, under the advice and with the assistance of defendant in error, he procured from Mrs. Snow, a sister of decedent, a check in the name of Snow and Macky for said fund, and a disclaimer by her of any interest therein.

It is contended that Wilson had no right to take control of the fund pending the probate of the will, and that, in any event, he had no authority to employ an attorney in the matter. In support of these positions, counsel cite sections 7103 and 7138, Revised Statutes, 1908. The first of these sections authorizes the employment of counsel in case of a contest over a will offered for probate. This counsel assume excludes employment of counsel in any other case.

We see no reason for so construing it. Such construction is not required to protect the estate since the matter of fees to an executor, including his charges for legal assistance, is under the control of the County Court. If an executor has a duty to perform, in behalf of the estate, which requires legal advice, it would be unreasonable to deny it to him. The second named section provides that pending the probate of a will the power of the executor "shall extend to the burial of the deceased, the payment of necessary funeral charges, and the taking care of the estate." This is followed by a provision that, if the will be rejected, and the executor never qualify, he shall not "be liable as an executor of his own wrong, unless upon refusal to deliver up the estate," etc. We are of the opinion that the action of Wilson under the facts in this case was authorized by the statute. He was taking care of the estate in a very important matter.

Objection is made also to the attorney's charge for assistance to the executor in conserving the estate's interest in a gas company at Boulder. It appears that the estate held something like two-thirds of the capital stock of the company, and some of its bonds. Counsel for plaintiffs in error urge that these services in relation to the gas company are not to be considered because, they say, an executor has no right to carry on a business. But in this case the executor did not carry on a business. The gas company carried it on, and all that the executor appears to have done was to exert himself in behalf of the estate, under circumstances of considerable difficulty, to preserve the gas company, and so conserve the interests of the estate. If legal advice was necessary to that end, the executor was justified in securing it.

Inasmuch as all fees for necessary legal services are cheargeable as an expense of administration, and as the matter of these fees were determined by the County Court, before determining the allowance to the executor for his personal services, it must be presumed that the court, which has a large discretion in these matters, knowing all the

facts as to the attorney's services, allowed him compensation directly, instead of adding it to the allowance to the executor. In other words, the executor's allowance was cut down by the amount to which the court found the defendant in error was entitled.

Acting upon the request of both parties that we fix the amount for which judgment should be entered, we reverse the judgment of the District Court, and remand the cause with directions to enter a judgment for $10,000 in favor of defendant in error.

Reversed and remanded with directions.

Decision *en banc.*